**Jack HAYES, Appellant**

v.

**FURNITURE BRANDS INTER-
NATIONAL, INC.; Thomas-
ville Furniture.**

**No. 08–3744.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
L.A.R. 34.1(a) Sept. 29, 2009.

Opinion Filed: Nov. 5, 2009.

**600**

Kevin Barber, I, Esq., Niedweske Barber, Morristown, NJ, for Appellant.

Lucretia D. Guia, Esq., Womble, Carlyle, Sandridge & Rice, Greensboro, NC, John E. Pueschel, Esq., Womble, Carlyle, Sandridge & Rice, Winston–Salem, NC, for Appellee.

Before: McKEE, CHAGARES & NYGAARD, Circuit Judges.

McKEE, Circuit Judge.

Jack Hayes appeals the district court's order of summary judgment in favor of defendants on Hayes' suit alleging illegal age discrimination under the New Jersey Law Against Discrimination, N.J.S.A. 10:5–1, et. seq. We will affirm.

Inasmuch as we are writing primarily for the parties who are familiar with the factual and procedural background of this case, we need not set forth the facts. We have reviewed the thoughtful Opinion of the Hon. Dennis M. Cavanaugh, that was filed August 12, 2008, 2008 WL 3821777, in which Judge Cavanaugh explains why he concluded based upon the uncontested evidence, that the defendants are entitled to judgment as a matter of law. Judge Cavanaugh concluded that plaintiff had not established a *prima facie* case of discrimina-

tion under the NJLAD, because he had not satisfied his burden of establishing that he was qualified for the job that he was fired from. Judge Cavanaugh disagreed with plaintiff's argument that he had established his qualifications because it was uncontested that plaintiff had been performing the job for more than thirty years prior to termination. *See Zive v. Stanley Roberts,* 182 N.J. 436, 867 A.2d 1133 (2005).

In reviewing a motion for summary judgment, all of the evidence must, of course, be viewed in the light most favorable to the nonmoving party. *Celotex Corp. v. Catrett,* 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). As we have just noted, plaintiff had been employed in his position with the defendant for more than thirty years. The district court dismissed that factor stating: "[e]ven so, Plaintiff cannot produce evidence that he was actually performing his job adequately prior to the termination." JA16. We disagree.

We certainly understand that a reasonable fact finder could conclude that Hayes was not qualified since he had been barred from visiting stores that had an account with the employer when he was fired. The district court concluded that Hayes could therefore not perform his duties and was thus not qualified for his job. That finding led the court to conclude that Hayes had not established a *prima facie* case of employment discrimination. Even though that conclusion is eminently reasonable given Hayes' conduct, we must nevertheless conclude that a reasonable fact finder could also conclude that Hayes was qualified for his job based solely on his 36 years of continued employment. *See Zive, supra.* Accordingly, since we must interpret the evidence in the light most favorable to the plaintiff as the nonmoving party, we conclude that Hayes did establish a *prima facie* case of age discrimination.

However, the district court also reasoned that, even assuming *arguendo*, Hayes was qualified and therefore established a *prima facie* case, he did not come forward with sufficient evidence to allow a reasonable fact finder to conclude that the employer's professed reason for terminating him was a pretext for age discrimination. We agree with that alternative holding.

The uncontested evidence of plaintiff's rude, sexist, insulting and vulgar comments and behavior clearly establishes a nondiscriminatory basis for terminating him. In fact, on this record, it is clear that this appeal of the district court's dismissal of Hayes' employment discrimination claim is as frivolous as the claim itself.

For the reasons set forth above, we will affirm the district court's dismissal of plaintiff's claim of discrimination.